

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 5, 1960

Mr. Dean Martin
County Attorney
Sherman, Texas

Opinion No. WW-945

Re: If a county wide local
option election were held
in Grayson County result-
ing in a dry vote, what
effect would such election
have on the local option
election held by the City

Dear Mr. Martin:

of Denison on July 9, 1960?

Your request reads in part as follows:

"The facts are these. During the year 1942,
an election was held in Grayson County, in which
the county was voted dry, thus prohibiting the
sale of beer therein. Since the year 1942 and
until the month of July, 1960, the entire county
remained dry. The City of Denison is located in
Grayson County. Last Saturday, July 9, 1960, a
local option election was held, which involved
only the citizens within the corporate limits of
the City of Denison, with the result that said
city voted for the sale of alcoholic beverages.
The remaining portion of Grayson County is dry.
It is now contemplated that a county wide election
will be held in the near future for the purpose
of attempting to nullify the Denison election,
should the county vote itself dry. With the above
in mind, I would appreciate your furnishing me
with answers to the following questions, to-wit:

"1. If a county wide election were held in
the near future and the county should vote dry,
would it have any effect on the Denison election
held on July 9, 1960?

"2. If a county wide election were to be
held in the near future, would the citizens of
Denison be eligible to participate in such an
election?

"3. After the expiration of one (1) year from July 9, 1960, (the date the City of Denison voted for the sale of alcoholic beverages), if a county wide election were held and the majority of the citizens in the County voted against the sale of alcoholic beverages, would that have the effect of nullifying the result of the election held in Denison on July 9, 1960, or can such election be nullified ONLY by the citizens of Denison?"

In Attorney General's Opinion No. WW-387, of March 6, 1958, we held that a city in a dry county could not hold an election to determine its status independently of the dry county; that the will of the county controlled the will of the city. This was prior to the Myers v. Martinez case (infra).

The case of Myers v. Martinez, 320 S.W.2d 862 (Tex. Civ.App., 1959) writ ref. n.r.e., per curium opinion 326 S.W. 2d 171, ___ Tex. ___ (1959), is contrary to Attorney General's Opinion above referred to, and is controlling here. The following extracts from this case are pertinent:

"Appellant further contends that the theory of local self-government requires that the will of the county should control over the will of the precinct or city. We do not agree. The doctrine of local self-government requires that the will of the smaller unit shall control over the will of the larger unit. The doctrine of local self-government will not support a rule to the effect that the county must control the precinct or city." (Emphasis added.)

"It is plain from the provisions of the 1935 amendment and the statute enacted thereunder, that the Legislature in submitting the constitutional amendment and enacting the statute, and the people in adopting the 1935 amendment, intended that counties, justice's precincts and incorporated cities or towns should be on an equal footing, and that by complying with the provisions of the law either of them might hold an election any time to either "legalize" or "prohibit" the sale of alcoholic beverages, in keeping with the provisions of Sec. 40, Art. 666, Vernon's Ann. Penal Code. The only limitation is that an election for the same purpose in the same area must not be held oftener than once a year, as is provided by Article 666-32, which reads in part as follows:

'No subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election in any county, justice's precinct, or incorporated city or town.'" (Emphasis added.)

We believe that the foregoing holdings of the court leave no doubt that a county wide local option election, either in the near future or a year from the date of the Denison local option election, would have no effect upon the results of the local option election in the City of Denison on July 9, 1960.

To hold otherwise would not only result in a county wide election that voted "dry", to cause "wet" cities, towns and justice's precincts which had theretofore voted "wet" to become "dry", but would also result in a county wide election that voted "wet" to cause "dry" cities, towns and justice's precincts which had theretofore voted "dry" to become "wet". Such result would be contrary to the will of the voters in the cities, towns and justice's precincts and the holding in Myers v. Martinez, supra, and the wording of the 1935 Constitutional Amendment.

The results of any city wide local option election in the City of Denison can be changed by a subsequent city wide local option election for the same purpose not less than one year from the date of the last city wide local option election.

Under the plain language of the Texas Constitution and statute, the qualified voters who are residents of the City of Denison are entitled to vote in a county wide local option election along with the other qualified voters of the county who reside elsewhere in the county. Article 16, Section 20, Paragraph (b) of the Constitution of Texas; Section 32, Article 666, Vernon's Ann. Penal Code.

## SUMMARY

1. A county wide local option election, either in the near future, or a year from the date of the Denison local option election, would have no effect upon the results of the local option election in the City of Denison on July 9, 1960.

2. The qualified voters who are residents of the City of Denison are entitled to vote in a county wide local option election along with the other qualified voters of the county who reside elsewhere in the county.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Paul Floyd
Assistant

PF:dhs

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Thomas Burrus
B. H. Timmins

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore